UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C., <br><br> Plaintiffs, <br><br> -against- <br><br> ASIA TV USA LTD. and ASIA TODAY LTD., <br><br> Defendants. | Case No. 19-CV-00021 (VSB) <br><br> **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE THOSE PORTIONS OF DEFENDANTS' FILINGS THAT SUBMIT SETTLEMENT EVIDENCE PROHIBITED BY RULE 408 AND THE PARTIES' STIPULATION, AND OPPOSITION TO DEFENDANTS' CROSS-MOTION TO VACATE STAY** |

Plaintiffs DISH Network L.L.C. and Sling TV L.L.C. ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this memorandum of law in further support of their Motion to Strike Those Portions of Defendants' Filings that Submit Settlement Evidence Prohibited by Rule 408 and the Parties' Stipulation ("Motion to Strike") and in reply to Defendants' opposition thereto ("Opposition" or "Opp'n") and Cross-Motion to Vacate Stay.[1]

**PRELIMINARY STATEMENT**

Defendants' arguments in their Opposition only confirm that the Motion to Strike should be granted. Defendants disclosed evidence of settlement conduct and discussions in their July 9, 2019 supplemental submissions in opposition to Plaintiffs' motion for preliminary injunction. Defendants admit that they did so purposefully, for the express purpose of attempting to defeat Plaintiffs' preliminary injunction motion. That is expressly prohibited by the Stipulation and Order [ECF # 45]. Defendants attempt to get around this prohibition by offering a tortured reading

---

[1] Capitalized terms not defined herein have the same meaning as in Plaintiffs' Memorandum of Law in Support of their Motion to Strike [ECF # 78] and Plaintiffs' Memorandum of Law in Support of their Motion for Temporary Restraining Order and Preliminary Injunction [ECF # 7].

1

of the Stipulation and Order, which is contradicted by its clear and unambiguous language and would read an express clause right out of the Stipulation and Order.

Defendants also argue that they are permitted to use settlement evidence to establish that Plaintiffs did not negotiate toward a settlement in "good faith," as required by the Stipulation and Order. Defendants ignore squarely on point authority from this District—cited in Plaintiffs' opening brief—rejecting this argument and holding that "the duty to negotiate in good faith obligates a party only to *try* to reach an agreement; a party does not act in bad faith merely because, in the end, it refuses to capitulate to the other side's demands." *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 307 (S.D.N.Y. 2013) (emphasis in original).

## ARGUMENT

### I. THE MOTION TO STRIKE SHOULD BE GRANTED

#### A. The Stipulation and Order Prohibits Use of Settlement Evidence

The Stipulation and Order provides that, "[d]uring the Stay Period, the parties shall negotiate in good faith to resolve the disputes that are the gravamen of the Complaint." Stipulation and Order ¶ 3. The Stipulation and Order further provides that:

> None of the parties will be prejudiced, with respect to any claim, defense, motion or argument as a result of this Stipulation and/or the passage of time during the Stay Period. No party will argue that the passage of time during [the] Stay Period has any impact on the merits of any other party's positions on the facts and/or law in this case.

*Id.* ¶ 7 (emphasis added).

Ignoring the underlined language above, Defendants argue that Paragraph 7 of the Stipulation and Order does not cover prejudice "as a result of engaging in settlement negotiations themselves," but rather "relates primarily to prejudice that would result from the passage of time." Opp'n at 8. Defendants also argue that they are not attempting to use settlement evidence to

2

prejudice a "claim defense, motion or argument," but rather seek to introduce Plaintiffs' settlement negotiations "in relation to Plaintiffs' claims of irreparable harm." *Id*. These arguments fail.

The Stipulation and Order is not limited to prejudice resulting from "the passage of time." Opp'n at 8. The Stipulation and Order clearly states that "[n]one of the parties will be prejudiced, with respect to any claim, defense, motion or argument as a result of this Stipulation *and/or* the passage of time during the Stay Period." Stipulation and Order ¶ 7 (emphasis added). Thus, it is a violation of the Stipulation and Order to use settlement evidence in such a manner that would "prejudice" a party with respect to, *inter alia*, any "motion" or "argument." *Id*. For example, Defendants are prohibited from using settlement evidence to prejudice Plaintiffs with respect to their argument that they will suffer irreparable harm if their motion for preliminary injunction is denied. *Id*. Defendants, however, admit that this is precisely what they are trying to do: "Asia TV introduces this evidence to demonstrate that Plaintiffs will not suffer irreparable harm in the absence of a preliminary injunction." Opp'n at 5.[2] Plaintiffs' Motion to Strike should therefore be granted because Defendants' use of settlement evidence in their supplemental submissions is expressly prohibited by Paragraph 7 of the Stipulation and Order.

### B. <u>Defendants' Use of Settlement Evidence Is Improper</u>

Notwithstanding Rule 408's broad prohibition on the use of "most evidence of offers of compromise or settlement," *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989), Defendants argue that their use of Plaintiffs' confidential settlement negotiations

---

[2] While Defendants cite cases in which courts have considered settlement communications with respect to the issue of irreparable harm (Opp'n at 6-7), none of those cases involved a stipulation and order expressly barring any party from using settlement evidence to prejudice another party with respect to any argument or motion, including arguments made in connection with the motion for preliminary injunction. The same is true of Defendants' cases holding that evidence that would otherwise be inadmissible, such as hearsay, may be considered in the court's discretion on preliminary injunction motions—none of the cases Defendants cite involved a stipulation and order barring the admission of evidence, hearsay or otherwise, that would prejudice either party with respect to any motion. *Id*. at 9.

is permissible to show that: (1) Plaintiffs will not suffer "irreparable harm" absent injunctive relief; and (2) Plaintiffs did not negotiate in "good faith." Opp'n at 5. Even if such evidence were not expressly prohibited by the Stipulation and Order (it is), it should still be stricken because neither of Defendants' stated purposes for offering the evidence is legitimate.

*First*, Defendants have cited no authority—and Plaintiffs are aware of none—holding that a plaintiff faced with an imminent, wrongful termination of a contract must give up its contractual rights and capitulate to the defendant's settlement terms, or else be deemed not to face "irreparable harm." Opp'n at 5-7. Defendants' argument effectively boils down to this: "Plaintiffs will not suffer irreparable harm if we wrongfully terminate the Agreements because, if Plaintiffs were so worried about the consequences of our termination, they would have given in to our settlement demands to avoid suffering the harm." *Id*. at 5. If Defendants' argument were correct, a party to a contract could threaten wrongful termination and hold its counterparty hostage by making a settlement proposal on terms less favorable to the counterparty than its existing contractual rights, which the counterparty would be forced to either accept or else face termination because it would be deemed not to face irreparable harm by rejecting settlement. That is not the law.[3]

*Second*, Defendants' assertion that Plaintiffs have negotiated in bad faith, and that Plaintiffs' settlement negotiations are relevant to that issue, is without merit. Defendants accuse Plaintiffs of bad faith because, in their view, the parties had reached agreement on all material settlement terms, subject to what they claim was a minor clarification, and then, after a new Executive Vice President of International Programming came on board at Sling TV, Plaintiffs proposed alternative terms. Opp'n at 3. The Stipulation and Order obligates the parties only to

---

[3] The lone case that Plaintiff cites in support of this argument, *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60 (2d Cir. 2007), has nothing to do with whether the decision not to continue settlement negotiations, in and of itself, has an impact on the irreparable harm analysis.

4

"negotiate in good faith to resolve the disputes that are the gravamen of the Complaint"; it does not compel either party to agree to a settlement. Stipulation and Order ¶ 3.

The court's decision in *L-7 Designs*, which Plaintiffs cited in their opening brief and Defendants completely ignored in their Opposition, is squarely on point. There, a putative licensor (L-7) and putative licensee (Old Navy) entered into a "binding preliminary agreement" regarding licensing terms, which obligated them to "negotiate together in good faith in an effort to reach a final agreement." 964 F. Supp. 2d at 303. After Old Navy decided not to close out the open terms of the negotiations or go forward with the deal, L-7 sued, claiming Old Navy breached its duty to negotiate in good faith. *Id.* at 305.

The court granted summary judgment for Old Navy, dismissing the claim. *Id.* at 308-313. The court first explained that "the duty to negotiate in good faith obligates a party only to *try* to reach an agreement; a party does not act in bad faith merely because, in the end, it refuses to capitulate to the other side's demands." *Id.* at 307 (emphasis in original). The court explained that "[e]ven assuming that, as L-7 asserts, Old Navy changed its mind about entering into a license agreement for the branded line, a reasonable jury could only find that the decision was motivated by Old Navy's legitimate business concerns," including because—as happened here with the hiring of a new Executive Vice President of International Programming at Sling TV—Old Navy's "management changed significantly." *Id.* at 309. The court also explained as follows:

> Old Navy, too, was under no obligation to cede to L-7's demands, but was entitled to make measured decisions in its own business interest. In addition, to the extent that L-7's counterproposals bridged some of the distance between the parties' respective positions, it did not follow that, merely by failing to fully close the gap, Old Navy acted in bad faith.

5

*Id.* at 312. The Court should follow *L-7 Designs*, reject Defendants' meritless (and inappropriate) claim of "bad faith" and strike Defendants' references to the parties' settlement negotiations.[4]

## II.     <u>DEFENDANTS' MOTION TO VACATE THE STAY SHOULD BE DENIED</u>

The Stipulation and Order provides, in pertinent part, that:

> During this Stay Period, the Defendants hereby stipulate and agree that they will: (i) not terminate the Asia TV Agreements on account of any of the Breach Notices or otherwise terminate those agreements; (ii) not withhold, interrupt, or cease the provision of the signals relayed to Plaintiffs for the provision of Zee content available on the DISH and Sling TV platforms . . .; and/or (iii) otherwise maintain the status quo with respect to their performance of the Asia TV Agreements.

Stipulation and Order ¶ 4. Defendants concede that the Stay Period, during which they must honor their commitments in Paragraph 4 of the Stipulation and Order, "remains in effect through the preliminary injunction hearing." Opp'n at 12. Nonetheless, Defendants now ask the Court to "vacate the stay following the conclusion of the preliminary injunction hearing" because, at that point (they claim), "there will be no further reason for the stay to remain in place." *Id.* Defendants' request to vacate the stay in the Stipulation and Order should be denied for two reasons.

---

[4] Defendants' assertion that Plaintiffs are improperly using settlement evidence themselves is baseless. Opp'n at 10-11. First, Defendants point to the discussion in paragraphs 9 and 11-13 of the Declaration of Michael Schwimmer. *Id.* at 10. The information in paragraph 9 was included merely to explain—without disclosing confidential settlement communications—why no settlement was reached and the parties are proceeding with a preliminary injunction hearing. The information in paragraphs 11-13, although not relevant to the merits of Plaintiffs' preliminary injunction motion, was included to inform the Court of Defendants' breach of the stay provision in the Stipulation and Order. Similarly, no confidential settlement communications were disclosed in the second example that Defendants cite, the July 8, 2019 email from their counsel to Plaintiffs' counsel, in which Defendants' counsel stated that Asia TV "no longer intends to refrain from terminating the parties' Agreements" and will discontinue the signal for the licensed content in 30 days absent a cure of the alleged breaches. *Id.* at 11. Plaintiffs included this information to inform the Court why a preliminary injunction hearing is necessary. It is beyond disingenuous for Defendants to suggest that it was improper in any way for Plaintiffs to inform the Court that Defendants had renewed their threat to imminently terminate the Agreements. None of the information that Plaintiffs provided to the Court was a settlement communication that would prejudice Defendants with respect to any claim, defense, motion or argument. By contrast, Defendants admit they seek to use Plaintiffs' settlement negotiations in an effort to defeat Plaintiffs' preliminary injunction motion. Opp'n at 5.

6

*First*, if the Court grants Plaintiffs' motion at the hearing, there will be no need to vacate the stay because Defendants will be barred from terminating the Agreements or pulling the signal for the licensed content for the duration of the case.  If, on the other hand, the Court denies Plaintiffs' motion at the hearing, Plaintiffs do not dispute that the stay in the Stipulation and Order would expire according to its terms.  However, in that case, Plaintiffs submit that the Court should enter an order extending the stay through the date on which Plaintiffs may file an appeal, and if they do appeal, the stay should remain in place for the duration of the appeal.[5]

*Second*, if the Court takes the parties' submissions and testimony under advisement and needs more time to issue a ruling after the conclusion of the hearing, any attempt by Defendants to terminate the Agreements or pull the signal for the licensed content before the Court issues its ruling would plainly be improper, as it would interfere with the Court's ruling.  Are Defendants suggesting that, if the Court does not issue a ruling at the conclusion of the hearing, they should have the right to terminate the Agreements and/or pull the licensed content before the Court issues its ruling?  If so, Plaintiffs obviously object to Defendants' request to vacate the stay.  However, if Defendants mean only to request that the stay be vacated after the Court issues its ruling, their motion should be denied for the reasons set forth above.

## **CONCLUSION**

For the reasons set forth above and in Plaintiffs' opening brief, Plaintiffs request that the Court grant their Motion to Strike and deny Defendants' Cross Motion to Vacate the Stay.

---

[5] *See Unkechauge Indian Nation v. Paterson*, 752 F. Supp. 2d 320, 328 (W.D.N.Y. 2010) (denying motion for preliminary injunction enjoining implementation of amendments to New York tax law on Indian tribe, but staying enforcement of amendments pending tribe's appeal of court's ruling).

|  |  |
|---|---|
| Dated: August 5, 2019<br>New York, NY | Respectfully submitted,<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>*/s/ Elyse D. Echtman*<br>Elyse D. Echtman<br>Gregory D. Beaman<br>51 West 52nd Street<br>New York, NY 10019<br>Tel:    212-506-3753<br>Fax:   212-506-5151<br>Email: eechtman@orrick.com<br>           gbeaman@orrick.com |