September 11, 2020

**BY ECF**

Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007





**MEMO ENDORSED**

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

**Elyse D. Echtman**

**E** eechtman@orrick.com
**D** +1 212 506 3753
**F** +1 212 506 5151

Re:     *DISH Network L.L.C., et al. v. Asia TV USA Ltd., et al.*, 19-cv-00021-VSB-BCM

Dear Judge Moses:

We represent plaintiffs DISH Network L.L.C. and Sling TV L.L.C. (together, "Plaintiffs"). We submit this letter motion for leave to file Plaintiffs' Answer to Defendants' Counterclaims dated August 21, 2020 ("Answer") under seal and to file a redacted copy on the public docket. In accordance with Rule 3 of the Court's Individual Practices, Plaintiffs have e-filed (i) a redacted copy of the Answer as an exhibit to this letter motion, and (ii) an unredacted, highlighted copy of the Answer under seal, linked to this motion. Plaintiffs submit there is good cause to grant the relief requested herein.

The information Plaintiffs seek to redact is highly confidential, commercially sensitive information relating to their television programming license terms and fees, which, if publicly disclosed, would cause Plaintiffs significant competitive harm. *See, e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (carriage agreements should not be publicly disclosed because if AT&T's contracts with Disney were publicly disclosed, "[i]t would therefore be a simple matter for, say, Fox to peruse those documents, figure out what Disney charges for ESPN, and then price its own sports channel accordingly"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [Plaintiff's] ability to negotiate effectively favorable terms" in the future); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 3958232, at *3-4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competetive standing"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting movant to redact portions of filing containing "highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC"); *Wyeth v. Medtronic, Inc.*, 2008 WL



11381926, at *3 (D.N.J. Apr. 28, 2008) (permitting redaction of provisions reflecting "the scope of the parties' rights," "royalty provisions," and "licensing terms").

Moreover, the information Plaintiffs seek to redact from the Answer is identical to the information the Court permitted Plaintiffs to redact from their answer to Defendants' earlier counterclaims filed in response to Plaintiffs' first Amended Complaint. *See* ECF Nos. 150, 151. Indeed, there is no additional information in the attached Answer that Plaintiffs seek to redact.

We appreciate the Court's consideration of this redaction and sealing request.

Respectfully submitted,

*/s/ Elyse D. Echtman*

Elyse D. Echtman

Attachment

cc:  Counsel for Defendants

Application GRANTED. Plaintiffs may file under seal Plaintiffs' Answer to Defendants' Counterclaims, dated August 21, 2020, and file corresponding redacted copies of their Answer publicly. SO ORDERED.

Barbara Moses, U.S.M.J.
September 14, 2020