USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2021

**orrick**

January 19, 2021

**BY ECF**

Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
orrick.com

Elyse D. Echtman

eechtman@orrick.com
+1 212 506 3753
+1 212 506 5151

Re:   *DISH Network L.L.C., et al. v. Asia TV USA Ltd., et al.*, 19-cv-00021-VSB-BCM

Dear Judge Moses:

On behalf of Plaintiffs DISH Network L.L.C. and Sling TV L.L.C. ("Plaintiffs"), we submit this letter motion for leave to file Plaintiffs' Answer to Defendants' First Amended Counterclaims (Doc. 281) under seal and to publicly file a redacted copy of the Answer.

The information Plaintiffs seek to redact and file under seal is highly confidential, commercially sensitive information relating to their television programming license terms and fees under the Z Living Agreement, Zee TV Agreement and Multi-Channels Agreement, which, if publicly disclosed, would cause Plaintiffs significant competitive harm. *See, e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (carriage agreements should not be publicly disclosed because if AT&T's contracts with Disney were publicly disclosed, "[i]t would therefore be a simple matter for, say, Fox to peruse those documents, figure out what Disney charges for ESPN, and then price its own sports channel accordingly"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [Plaintiff's] ability to negotiate effectively favorable terms" in the future); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 3958232, at *3-4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting movant to redact portions of filing containing "highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC"); *Wyeth v. Medtronic, Inc.*, 2008 WL 11381926, at *3 (D.N.J. Apr. 28, 2008) (permitting redaction of provisions reflecting "the scope of the parties' rights," "royalty provisions," and "licensing terms").

Moreover, the information Plaintiffs seek to redact and file under seal is identical to the information the Court has already permitted Plaintiffs and Defendants to file under seal and redact.



*See* Doc. 242 (granting Plaintiffs permission to file answer to Defendants' original counterclaims under seal and to publicly file redacted copy); Doc. 278 (granting Defendants permission to file First Amended Counterclaims under seal and to publicly file redacted copy).

In accordance with Rule 3 of the Court's Individual Practices, Plaintiffs have (a) publicly filed a redacted copy of their Answer, and (b) filed an unredacted copy of their Answer under seal with the proposed redactions highlighted in yellow.

We appreciate the Court's consideration of this redaction and sealing request.

Respectfully submitted,

*/s/ Elyse D. Echtman*

Elyse D. Echtman

cc: Counsel for Defendants

---

Application GRANTED. Dkt. No. 301 shall remain under seal at its current viewing level. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
January 25, 2021