USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISH NETWORK L.L.C., et al.,

    Plaintiffs,

-against-

ASIA TV USA LTD., et al.,

    Defendants.

19-CV-0021 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed at the June 21, 2021 discovery conference:

1. **Defendants' Motion.** Defendants' letter-motion (Dkt. No. 400) seeking an order compelling plaintiffs to produce documents in response to certain of defendants' requests for production (RFPs) is DENIED without prejudice to renewal as to RFPs 15 and 20 (or similar discovery requests) if defendants present evidence showing that relevant communications between the parties (*e.g.*, communications constituting what defendants describe as "an agreement reached between the parties justifying [defendants'] extension of the Yupp TV agreement and refusal to pay payment of the placement fees" (Dkt. No. 405, at 2)) took place orally as well as in writing.

2. **Plaintiffs' Motion.** Plaintiffs' letter-motion (Dkt. No. 395) seeking an order compelling defendants to produce documents and information in response to certain of plaintiffs' RFPs and interrogatories is GRANTED IN PART and DENIED IN PART, as follows:

    a. **RRPs 1-5**. Defendants shall promptly produce (i) all non-privileged responsive documents concerning the negotiation of the agreements and term sheets identified in these RFPs; and (ii) all non-privileged responsive documents from 2016 forward that make explicit reference to the agreements and term sheets identified in these RFPs and/or to the parties' performance and/or obligations thereunder.

    b. **Custodians and Search Terms**. Plaintiffs, who have already produced documents in response to defendants' RFPs 22-25, shall disclose to defendants, no later than **June 28, 2021**, the custodians whose ESI was searched and the search terms used to respond to those RFPs. Defendants shall correspondingly disclose to plaintiffs, no later than the day on which they produce documents in response to plaintiffs' RFPs 1-5, the custodians whose ESI was searched and the search terms used to respond to those RFPs.

    c. **RFPs 11, 12, 14**. Defendants shall promptly produce all non-privileged responsive documents from 2018 forward. As to RFPs 11 and 14, defendants need only produce documents concerning (i) out-of-home viewing of Zee channels on YuppTV and/or (ii) YuppTV password sharing. As to all three RFPs, defendants may redact dollar figures and other business terms that they consider to be

confidential, so long as they do not redact any references to their relationship with plaintiffs or to whether their contractual obligations to plaintiffs precluded the extension of the YuppTV license agreement.

d. **RFP 22.** Defendants shall promptly produce all non-privileged responsive documents from 2018 forward that make explicit reference to (i) whether LCI could afford to pay channel placement fees for Z Living or (ii) plaintiffs' alleged promise to waive those fees.

e. **RFPs 25-26, 29**. Defendants shall promptly produce all non-privileged responsive documents concerning (i) out-of-home viewing of Zee Channels on Sling TV, (ii) Sling TV password sharing, and (iii) viewing of Zee Channels on Sling TV outside of the United States ("place shifting" or out-of-territory viewing), in each case limited to Asia TV executives Sameer Targe and Akhilesh Gupta. For avoidance of doubt, defendants are to produce communications to and from Targe and Gupta concerning these topics *and* documents authored, sent, or received by other Asia TV personnel concerning out-of-home viewing, password sharing and/or out-of-territory viewing by Targe and/or Gupta on their test accounts.

f. **RFP 36 and Interrogatory 3.** Defendants have agreed to produce the requested revenue-related documents and information (limited to revenues received from the U.S. and its territories, from June 1 through November 30, 2019, and for the Zee Channels licensed to YuppTV) including advertising revenues, if any.

g. **RFP 41 and Interrogatory 4**. Defendants need not produce the documents and information sought.

h. **Interrogatory 9**. Asia TV shall promptly produce documents sufficient to show the titles, times and lengths of advertisements shown on Zee TV from March 2020 forward.

i. **Interrogatories 11-19**. In response to Interrogatory 12, defendant LCI shall promptly disclose, as to each person who has served as an officer, director, or management-level executives (with authority to bind the company to a licensing agreement with plaintiffs and/or YuppTV) from 2018 forward, that person's: (i) name, (ii) business address(es) and telephone number(s); (iii) office(s) or position(s) held; and (iv) the dates on which each such office or position was held). Defendants need not produce the remaining information sought by these interrogatories.

3. **Privilege Logs**. If and to the extent any party withholds or redacts documents or information on privilege grounds, that party must log the withheld or redacted material in accordance with Local Civil Rule 26.2. Plaintiffs shall serve their initial privilege log no later than **July 12, 2021**, and shall serve an updated log, if necessary, within 20 days after producing any additional documents or information from which privileged material has been withheld or redacted. Defendants shall serve their initial privilege log within 20 days after producing the documents and information required by this Order, and shall serve an

updated log, if necessary, within 20 days after producing any additional documents or information from which privileged material has been withheld or redacted.

4. **Hammer Deposition**. The parties shall promptly meet and confer in good faith concerning the deposition of former DISH executive Bradford Hammer and shall file a joint status letter, no later than **June 28, 2021** updating the Court as to whether they anticipate motion practice concerning whether or under what conditions the deposition will go forward. In lieu of disclosing detailed information concerning the witness's health on the public docket, the parties may either request that the letter be filed under seal (*see* Moses Ind. Prac. § 3) or request a telephone conference with the Court.

Dated: New York, New York
June 22, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**