**MEMO ENDORSED** 

October 22, 2021

**BY ECF**

Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/2021

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

Elyse D. Echtman

E eechtman@orrick.com
D +1 212 506 3753
F +1 212 506 5151

Re: <u>DISH Network L.L.C., et al. v. Asia TV USA Ltd., et al.</u>, 19-cv-00021-VSB-BCM

Dear Judge Moses:

On behalf of plaintiffs DISH Network L.L.C. and Sling TV L.L.C. ("Plaintiffs"), we submit this letter motion for leave to redact certain information from the transcript of the conference held before this Court on September 28, 2021. Enclosed is a copy of the transcript with highlighting on the information that Plaintiffs seek to redact. Defendants consent to the requested redactions.

The information Plaintiffs seek to redact includes highly confidential, commercially sensitive information relating to their television programming license terms under their agreements with Defendants, which, if publicly disclosed, would cause Plaintiffs significant competitive harm. *See, e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (carriage agreements should not be publicly disclosed because if AT&T's contracts with Disney were publicly disclosed, it would "be a simple matter for, say, Fox to peruse those documents, figure out what Disney charges for ESPN, and then price its own sports channel accordingly"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [plaintiff's] ability to negotiate effectively favorable terms" in the future); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 3958232, at *3-4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting redaction of "highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC"); *Wyeth v. Medtronic, Inc.*, 2008 WL 11381926, at *3 (D.N.J. Apr. 28, 2008) (permitting redaction of provisions reflecting "the scope of the parties' rights," "royalty provisions," and "licensing terms"). This information is also identical, or materially similar, to the information the Court has permitted Plaintiffs to redact in prior public filings. *See* Docs. 70, 143, 228, 270, 298, 314, 327, 339, 366, 377, 379, 383, 416.



      The information Plaintiffs seek to redact also includes confidential information about a third party's medical condition, which this Court has previously permitted to be redacted from public filings in this case.  *See* Doc. 416.

      In accordance with Rule 3.e of the Court's Individual Practices, we respectfully submit that the requested redactions are narrowly tailored to protect against harmful disclosure of the parties' commercially sensitive, proprietary information and confidential information regarding a third party's medical condition.  We appreciate the Court's consideration of this redaction request.

      Respectfully submitted,

      */s/ Elyse D. Echtman*

      Elyse D. Echtman

Attachment (under seal)

cc:  Counsel for Defendants

---

Application GRANTED IN PART.

The proposed redactions at 18:19-20, 22:20, 23:2-3, and 26:21, 23-24 of the September 28, 2021 transcript (Dkt. No. 426) are approved. The proposed redactions at 22:7, 9-10 and 17 are disallowed in light of substantially similar disclosures already on the public docket, *see*, *e.g.*, Dkt. No. 331 at p. 13. Plaintiffs are directed to submit a redacted transcript for the Court's review no later than November 4, 2021, via email. The original transcript at Dkt. No. 426 shall remain sealed and the redacted transcript, once reviewed by the Court, will be publicly filed.

SO ORDERED.

_____
United States Magistrate Judge
November 1, 2021