

October 29, 2021

**BY ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
**orrick.com**

Elyse D. Echtman

E  eechtman@orrick.com
D  +1 212 506 3753
F  +1 212 506 5151

Re:   <u>DISH Network L.L.C., et al. v. Asia TV USA Ltd., et al.</u>, 19-cv-00021-VSB-BCM

Dear Judge Broderick:

On behalf of Plaintiffs DISH Network L.L.C. and Sling TV L.L.C. (together, "Plaintiffs"), we write to request leave to file under seal the parties' Stipulation and [Proposed] Order Regarding the Parties' Deposit of Disputed Funds with the Court Pursuant to Fed. R. Civ. P. 67(a) and to publicly file a redacted copy of that stipulation. Defendants consent to the requested redactions. The parties are filing the stipulation pursuant to the Court's Orders dated September 22, 2021 (Doc. 422) and October 14, 2021 (Doc. 429) directing the parties to "file a joint stipulation with this Court by October 29, 2021, to specify the amount of the funds they are to deposit with this Court pursuant to Rule 67(a) and the timing of such deposits."

The information Plaintiffs seek to file under seal and redact includes highly confidential, commercially sensitive information relating to their television programming license terms under their agreements with Defendants, which, if publicly disclosed, would cause Plaintiffs significant competitive harm. *See, e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (carriage agreements should not be publicly disclosed because if AT&T's contracts with Disney were publicly disclosed, it would "be a simple matter for, say, Fox to peruse those documents, figure out what Disney charges for ESPN, and then price its own sports channel accordingly"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [plaintiff's] ability to negotiate effectively favorable terms" in the future); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 3958232, at *3-4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting redaction of "highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC"); *Wyeth v. Medtronic, Inc.*, 2008 WL 11381926, at *3 (D.N.J. Apr. 28, 2008) (permitting redaction of provisions



reflecting "the scope of the parties' rights," "royalty provisions," and "licensing terms"). The information Plaintiffs seek to redact is also identical or materially similar to the information the Court has permitted the parties to redact in their prior filings. *See, e.g.*, Docs. 366, 377, 379, 383.

In accordance with Rule 5.B.iii.c of the Court's Individual Rules and Practices, we have publicly filed the proposed redacted version of the stipulation and filed under seal an unredacted version with highlighting on the information Plaintiffs seek to redact.

We appreciate the Court's consideration of this redaction and sealing request.

Respectfully submitted,

*/s/ Elyse D. Echtman*

Elyse D. Echtman

Attachments

cc:  Counsel for Defendants

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 11/1/2021

Parties are instructed to file the unredacted order with the Clerk and file the redacted order on ECF.