> APPLICATION GRANTED
> SO ORDERED /s/ Vernon Broderick
> VERNON S. BRODERICK
> U.S.D.J.  11/10/2021
>
> Plaintiffs are instructed to file the unredacted version with the Clerk and the redacted version on ECF.



November 9, 2021

**BY ECF**

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

orrick.com

Elyse D. Echtman

E  eechtman@orrick.com
D  +1 212 506 3753
F  +1 212 506 5151

Re:   *DISH Network L.L.C., et al. v. Asia TV USA Ltd., et al.*, 19-cv-00021-VSB-BCM

Dear Judge Broderick:

On behalf of plaintiffs DISH Network L.L.C. and Sling TV L.L.C. ("Plaintiffs"), we submit this letter motion for leave to redact certain information from the transcript of the conference held before this Court on October 14, 2021. Enclosed is a copy of the transcript with highlighting on the information that Plaintiffs seek to redact. Defendants consent to the requested redactions.

The information Plaintiffs seek to redact includes highly confidential, commercially sensitive information relating to their television programming license terms under their agreements with Defendants, which, if publicly disclosed, would cause Plaintiffs significant competitive harm. *See, e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (carriage agreements should not be publicly disclosed because if AT&T's contracts with Disney were publicly disclosed, it would "be a simple matter for, say, Fox to peruse those documents, figure out what Disney charges for ESPN, and then price its own sports channel accordingly"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [plaintiff's] ability to negotiate effectively favorable terms" in the future); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL 3958232, at *3-4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting redaction of "highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC"); *Wyeth v. Medtronic, Inc.*, 2008 WL 11381926, at *3 (D.N.J. Apr. 28, 2008) (permitting redaction of provisions reflecting "the scope of the parties' rights," "royalty provisions," and "licensing terms"). This information is also identical, or materially similar, to the information the Court has permitted Plaintiffs to redact in prior public filings. *See* Docs. 228, 270, 298, 339, 366, 377, 379, 383, 442.



      In accordance with Rule 5.B.iii.c of the Court's Individual Rules and Practices, we have publicly filed the proposed redacted version of the stipulation and filed under seal an unredacted version with highlighting on the information Plaintiffs seek to redact.

      We appreciate the Court's consideration of this redaction request.

                                   Respectfully submitted,

                                   */s/ Elyse D. Echtman*

                                   Elyse D. Echtman

Attachment (under seal)

cc:  Counsel for Defendants