UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C. and <br> SLING TV L.L.C. <br><br>       Plaintiffs, <br><br> v. <br><br> ASIA TV USA LTD, <br> ASIA TODAY LTD., and <br> LIVING COMMUNICATIONS INC. <br><br>       Defendants. | ) <br> ) <br> ) <br> )    Case No. 1:19-cv-00021-VSB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF
NON-PARTY YUPPTV USA INC'S MOTION
FOR A PROTECTIVE ORDER AND TO QUASH
<u>PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION</u>**

December 10, 2021

SCHIFF HARDIN LLP

Ahmed M.T. Riaz
1185 6th Ave, Suite 3000
New York, NY 10036
Tel: (212) 745-5000
Fax: (212) 351-4035
ariaz@schiffhardin.com

*Attorneys for non-party
YuppTV USA, Inc.*

## TABLE OF CONTENTS

                                                                                                                             **Page**

I.     Preliminary Statement ................................................................................................... 1

II.    Procedural Context and Relevant Facts ....................................................................... 1

III.   The Deposition Subpoena ............................................................................................ 2

IV.   Applicable Standard .................................................................................................... 3

V.    The Court Should Quash the Deposition Subpoena .................................................... 4

         i.     YuppTV is Unavailable to Sit For Deposition Within the Limited Time
                Before the Fact Discovery Deadline ............................................................... 4

         ii.    Availability of the Information Sought From Other Sources ......................... 6

         iii.   The Overly Broad Scope of the Topics .......................................................... 8

         iv.   Topics Set Forth in the Deposition Subpoena Are Not Relevant ................. 10

VI.   Conclusion ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alcon Vision, LLC v. Allied Vision Grp., Inc.*,
   No. 19 MISC. 384 (AT), 2019 WL 4242040 (S.D.N.Y. Sept. 6, 2019) ...................................6

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*,
   262 F.R.D. 293 (S.D. N.Y. 2009) .........................................................................................6

*Bigsby v. Barclays Capital Real Estate, Inc.*,
   329 F.R.D. 78 (S.D.N.Y. 2019) .............................................................................................9

*Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*,
   No. 14 Civ. 9371 (KPF) (SN), 2017 WL 9400671 (S.D.N.Y. Apr. 18, 2017) .......................9

*Cohen v. City of New York*,
   No. 05-cv-6780, 2010 U.S. Dist. LEXIS 44762 (S.D. N.Y. May 6, 2010) ............................4

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D. N.Y. 1996) ............................................................................................6

*Crosby v. City of New York*,
   269 F.R.D. 267 (S.D.N.Y. 2010) .........................................................................................10

*Cusumano v. Microsoft Corp.*,
   162 F.3d 708, 717 (1st Cir. 1998)..........................................................................................3

*Libaire v. Kaplan*,
   760 F. Supp. 2d 288 (E.D.N.Y. 2011) .................................................................................10

*Lynch v. City of New York*,
   No. No. 16-CV-7355 (LAP), 2021 U.S. Dist. LEXIS 213938 (S.D. NY. Nov. 4, 2021) ....................................................................................................................... 4, 5

*In re Refco Sec. Litig.*,
   759 F. Supp. 2d 342 (S.D.N.Y. 2011)..................................................................................10

*Warnke v. CVS Corp.*,
   265 F.R.D. 64 (E.D.N.Y. 2010) ...........................................................................................10

**Other Authorities**

Fed. R. Civ. P. 26.......................................................................................................................2, 9

Fed. R. Civ. P. 26(b) .......................................................................................................................3

Fed. R. Civ. P. 26(b)(1) ..................................................................................................3, 10

Fed. R. Civ. P. 26(b)(2)(C)(i)(iii) ...........................................................................................3

Fed. R. Civ. P. 26(c) ...............................................................................................................3

Fed. R. Civ. P. 26(c)(1) ..........................................................................................................3

Fed. R. Civ. P. 30(b)(6) ..................................................................................................2, 7, 9

Fed R. Civ. P. 45 .............................................................................................................2, 10

Fed. R. Civ. P. 45(d) ..............................................................................................................3

Fed. R. Civ. P. 45(d)(1) ..........................................................................................................3

Fed. R. Civ. P. 45(d)(3)(A)(i) ................................................................................................3

Fed. R. Civ. P. 45(d)(3)(A)(iv) ..........................................................................................3, 6

Non-party YuppTV, by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion for a Protective Order and to Quash Plaintiffs' Subpoena to Testify at Deposition ("Deposition Subpoena") directed to non-party YuppTV.

## I. Preliminary Statement

Plaintiffs have been engaged in an on-going dispute with Defendants since, at least, 2019, but only now seek the deposition of YuppTV to testify about overly broad topics that are already known to Plaintiffs, can be obtained from other less burdensome sources – namely Defendants, or are otherwise irrelevant. Given the late juncture at which Plaintiffs have sought discovery, YuppTV is unable to comply with the Deposition Subpoena on either the date noticed or by the impending fact discovery deadline. Indeed, considering the overly broad scope of the Topics set forth in the Deposition Subpoena, any deposition of YuppTV would be unduly burdensome.

## II. Procedural Context and Relevant Facts

YuppTV is caught in the cross-fire between Plaintiff DISH and Defendant AsiaTV, about which YuppTV has little to no knowledge that is not otherwise already readily available or known to the parties.

As the Court knows, the present matter arose in early 2019 out of a dispute between AsiaTV USA Ltd., and Asia Today Ltd., (collectively, "AsiaTV") and Dish Network L.L.C. and Sling TV LLC (collectively, "DISH"). According to DISH, AsiaTV had been trying to terminate its relationship with DISH since late 2018, so it filed this action against AsiaTV in January 2019. DISH claims it has exclusive rights to distribute AsiaTV programming in the United States under the terms of a contract entered into by the parties. DISH has alleged that AsiaTV breached the exclusivity provisions in the contracts when it renewed an agreement (the "YuppTV Agreement") permitting YuppTV to carry AsiaTV's television content, after the time that the parties had agreed that distribution of that content on YuppTV's platform must stop. D.I. 231 at ¶4.

The dispute between the parties to the litigation led AsiaTV to notice the then imminent termination of the YuppTV Agreement. As a result, YuppTV successfully intervened in the matter as a third-party, and filed a motion for temporary restraining order and preliminary injunction. D.I. 170. That motion was granted, (D.I. 175), and thereafter AsiaTV and YuppTV entered into a stipulation that allowed YuppTV to temporarily continue distributing AsiaTV programming through November 30, 2019. D.I. 186.

Since November 30, 2019, YuppTV has had little to no knowledge of the dispute between AsiaTV and DISH, except for the entry of a stipulation to dismiss YuppTV from the action. D.I. 394. Yet, now, three years after the initiation of this litigation, and less than two months before the fact discovery deadline, DISH has served the Deposition Subpoena on YuppTV seeking information about topics that are either not in dispute, already in Plaintiffs' possession, can otherwise be obtained directly from Defendants, or are otherwise irrelevant.

Non-party, YuppTV now moves to quash the Deposition Subpoena pursuant to Fed R. Civ. P. 45 and requests a protective order pursuant to Fed. R. Civ. P. 26 on the grounds that DISH's eleventh hour attempt to obtain discovery from a non-party is unduly burdensome.

**III.     The Deposition Subpoena**

The Deposition Subpoena was served on YuppTV in care of Ms. Shirisha Paripati on November 30, 2021, (Reddy Decl. at ¶17), and notices the deposition of YuppTV for December 13, 2021 at 9:30 a.m. in Atlanta, Georgia – just thirteen days from the date of its receipt. Reddy Decl., Ex. A. The Deposition Subpoena does not specify whether it is being issued under Fed. R. Civ. P. 30(b)(6), and does not advise YuppTV – a non-party – of its duty to confer with the serving party about the matters for examination and to designate each person who will testify, as required under Fed. R. Civ. P. 30(b)(6).

2

The Deposition Subpoena, however, includes a list of Topics about which Plaintiffs ostensibly seek to examine YuppTV. The Deposition Subpoena lists thirteen topics that may be categorized into four groups:

(i) Topics that seek information regarding the business relationship between YuppTV and Defendants – *i.e.*, Topic Nos. 1-2;

(ii) Topics seeking information regarding the YuppTV Agreement – *i.e.*, Topic Nos. 3-4;

(iii) Topics seeking information regarding amounts allegedly owed or paid by YuppTV to Defendants under the YuppTV Agreement – *i.e.*, Topic Nos. 5-8;

(iv) Topics seeking information about Defendants' efforts to collect or otherwise waive amounts allegedly owed or paid by YuppTV to Defendants – *i.e.*, Topic Nos. 9-12; and

(v) Topic seeking "information set forth in the Declaration of Udaynandan Reddy Padi in Support of YuppTV USA Inc.'s Emergency Motion to Intervene and Motion for a Temporary Restraining Order, dated November 1, 2019, Dkt. 170-4" – *i.e.*, Topic No. 13.

Reddy Decl., Ex. A.

## IV. Applicable Standard

Fed. R. Civ. P. 45(d) requires courts to quash or modify a subpoena where, *inter alia*, it "fails to allow a reasonable time to comply" and "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i) & (iv). Rule 26(c) similarly gives the courts discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Fed. R. Civ. P. 45(d)(1) mandates that the party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. "[C]oncern for the unwanted burden thrust upon noparties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

Further, under Fed. R. Civ. P. 26(b), courts must limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or that is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)(iii). "In this determination, the court may give 'special weight' to non-party status when considering a party's burden of production." *Lynch v. City of New York*, No. No. 16-CV-7355 (LAP), 2021 U.S. Dist. LEXIS 213938 at *4 (S.D. NY. Nov. 4, 2021) *citing, Cohen v. City of New York,* No. 05-cv-6780, 2010 U.S. Dist. LEXIS 44762 at *6 (S.D. N.Y. May 6, 2010).

**V.     The Court Should Quash the Deposition Subpoena**

The Court should issue a protective order and quash the Deposition Subpoena several reasons:

(i)   YuppTV is unavailable to sit for deposition within the limited time noticed in the Deposition Subpoena and in the time remaining before the fact discovery deadline;

(ii)  The information sought has either already been provided by YuppTV, is known to Plaintiffs and/or may be more readily obtained directly from Defendants;

(iii) The Topics noticed in the Deposition Subpoena are overbroad; and

(iv)  The Topics noticed in the Deposition Subpoena are not relevant.

### i. YuppTV is Unavailable to Sit For Deposition Within the Limited Time Before the Fact Discovery Deadline

YuppTV is unable to sit for deposition within the current fact discovery deadline, and compelling it to do so would be unduly burdensome, especially in view of the broad breadth of the ***thirteen*** separate Topics noticed, and the unjustifiably late juncture at which Plaintiffs seek discovery. Udaynandan Reddy, who is, at least, one of the persons at YuppTV knowledgeable about the issues will be unavailable until after the fact discovery deadline. Mr. Reddy is currently in India and will not be returning to the United States before, at least, the end of January. Reddy Decl. at ¶¶19-21. During the first part of his trip to India, Mr. Reddy will be tending to personal

duties associated with the engagement of his niece, including on December 13, 2021. *Id.* at ¶19. During the remainder of his time in India, Mr. Reddy will be traveling to rural areas where internet access will either be unavailable or unreliable. *Id*. at ¶20. In fact, part of the reason he will be in India is to further the goal of improving or bringing modern infrastructural capacities to these rural areas. Upon his return, in late January 2022, Mr. Reddy will be obligated to give his attention to his family in the U.S., while also fulfilling the day-to-day duties and obligations of his position as CEO of YuppTV. *Id*. at ¶21. Moreover, it will be especially important for Mr. Reddy to tend to his duties during the first several weeks after his return in view of the length of time that he will have been away. *Id*.

Expecting Mr. Reddy to forsake duties and obligations that he committed to months in advance in order to comply with Plaintiffs' Deposition Subpoena is unreasonable and unduly burdensome, especially since Plaintiffs could have sought discovery far in advance of the impending discovery deadline. Plaintiffs have had ***three years*** within which to seek discovery from YuppTV, but have unjustifiably waited until the eve of the fact discovery deadline to do so. Riaz Decl. at ¶7.

As this Court knows, Plaintiffs instituted this litigation on January 2, 2019. An initial Scheduling Order setting the end of fact discovery for April 15, 2020 was entered into on August 23, 2019. D.I. 118. Plaintiffs did not seek discovery from YuppTV within that deadline. Since then the fact discovery deadline has been moved eight separate times. D.I. 221, 224, 279, 345, 390, 411, 435, 450. Not until the deadline was most recently moved to January 27, 2022, did Plaintiffs first seek discovery from YuppTV.

If Plaintiffs truly needed the discovery they now seek, they should have requested it earlier. Doing so may have allowed the parties to limit the undue burden that YuppTV will now suffer if

5

compelled to comply with the Deposition Subpoena. As things stand now, requiring YuppTV to sit for deposition would serve to unduly burden a non-party in favor of curing any self-imposed harm to Plaintiffs.

### ii. Availability of the Information Sought From Other Sources

The information sought by Plaintiffs is more readily available from AsiaTV – *i.e.*, an actual party to the litigation.

> Whether a subpoena subjects a witness to undue burden within the meaning of [Rule 45(d)(3)(A)(iv)] usually raises a question of the reasonableness of the subpoena. The determination of a subpoena's reasonableness requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source.

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 300 (S.D. N.Y. 2009) *citing Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48-49 (S.D. N.Y. 1996). *See also, Alcon Vision, LLC v. Allied Vision Grp., Inc.,* No. 19 MISC. 384 (AT), 2019 WL 4242040, at *2 (S.D.N.Y. Sept. 6, 2019) (granting the nonparty's motion to quash because "[t]o the extent that Alcon seeks 'Defendants' representations to [the non-party],' Alcon can obtain that information from Defendants in the underlying action.")

Topic Nos. 1-2 seek information generally about YuppTV's "contractual and any other business relationships with *AsiaTV*" and "*ATL*"; Topic Nos. 3-4 seek information about "*AsiaTV's* extension of the YuppTV Agreement" and YuppTV's "communications with *AsiaTV and/or ATL*"; Topic Nos. 5-8 seek information about amounts allegedly owed or paid by YuppTV to "*AsiaTV and/or ATL*"; and Topic Nos. 9-12 seek information about "*ATL's and/or AsiaTV's* efforts to collect amounts owed by [Yupp TV]" under the AsiaTV agreement, and agreements to forgive or defer payment of such amounts.

6

It is self-evident from the list of Topics, that all the information sought is information that would also be known to Defendants. After all, Defendants would have an accounting of any amounts that are allegedly owed to it by YuppTV and are in the best position to testify about any efforts they may have expended towards collecting those amounts. Further, as Defendants would be a party to any agreement to forgive or defer payments of amounts owed, YuppTV is in no better position to testify about those issues. Similarly, notwithstanding the broad breadth of Topic Nos. 1-4, Defendants are in as good of a position to testify about its contractual and business relationship with YuppTV.

Not only is the information sought by Plaintiffs known to Defendants, it is YuppTV's understanding that, at least, some of the information has, in fact, already been directly sought from Defendants, and ostensibly it has either been provided or will be provided by Defendants. Riaz Decl. at ¶8. Plaintiffs have already deposed Defendants' representatives Sameer Targe, Akhilesh Gupta, and Leena Pawar. D.I. 449. According to his Linked-in profile, Mr. Targe is the "General Manager/Business Head at Zee Network Americas[1]" and was in that role during the relevant time period. Riaz Decl. at ¶6, see also *id*., Exhibit C. According to his Linked-in profile, Mr. Gupta is a member of AsiaTV USA Ltd's "Content Distribution" team, and was in that role during the relevant time period. Riaz Decl. at ¶6, see also *id.,* Exhibit D. According to her Linked-in profile, Ms. Pawar is identified as being part of "Sales at AsiaTV USA." Riaz Decl. at ¶6, see also *id.,* Exhibit E. Therefore, Plaintiffs have already had the opportunity to obtain the information they seek from YuppTV directly from Defendants through deposition of key witnesses. Riaz Decl. at ¶6.

---

[1] YuppTV understands that Asia TV USA Ltd., is a subsidiary of Zee Network Americas.

7

Plaintiffs are also seeking the Rule 30(b)(6) deposition of Defendant Asia Today Ltd. D.I. 449. This will give Plaintiffs the opportunity to obtain any additional missing information directly from Defendants' corporate representative. Therefore, Plaintiffs are seeking to obtain from a non-party the same information it has already obtained or will have the opportunity to obtain through less burdensome means.

Finally, Plaintiffs already have, in their possession, the information known to Yupp TV by way of the Declaration of Udaynandan Reddy Padi ("Reddy Declaration"), which was submitted in Support of YuppTV USA Inc.'s Emergency Motion to Intervene and Motion for a Temporary Restraining Order, dated November 1, 2019. D.I. 170-4. That Declaration, for example, set forth YuppTV's understanding of the YuppTV Agreement, and the circumstances surrounding the extension and later attempted termination of that agreement, including communications related to the extension and attempted termination. D.I. 170-4 at ¶¶7-26. The Reddy Declaration also details communications between YuppTV and Defendants related to amounts owed and the payment of same. *Id.* at ¶¶14, 20.

Because the information sought by Plaintiffs is known to Defendants, has already been obtained or may still be obtained directly from Defendants, or has already been provided by YuppTV by way of the Reddy Declaration, any further discovery of YuppTV would be duplicative, cumulative of information already obtained or else may be more easily obtained from a party to the litigation through less intrusive means. Thus, the Court should quash the subpoena and grant a Protective Order.

### iii. The Overly Broad Scope of the Topics

The Deposition Subpoena notices areas of inquiry that are so overbroad and lacking in particularity that they create an undue burden and expense on non-party YuppTV to prepare a witness to testify. The noticed Topics are especially overbroad when considering the late stage of

8

the litigation, and that they are being issued to a non-party. By this stage of the litigation, Plaintiffs should have narrowed down the issues and honed in on aspects of the case that are especially in dispute and about which discovery is absolutely necessary.

Moreover, the noticed Topics may ordinarily be considered reasonable when directed to a party to the litigation. In such instance, a named party would have, at least, some context as to what information was really at issue by virtue of having actively participated in the litigation. In the present instance, however, one would expect a more pointed inquiry that seeks to either fill gaps in the information already obtained or else verify a few key pieces of information which have already been learned from other sources.

In the present instance, however, the Deposition Subpoena notices a total of **thirteen** separate Topics – not including sub-topics – about which Plaintiffs unreasonably expect YuppTV to prepare a witness. Each of those Topics lack particularity. "Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 — deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) quoting *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 Civ. 9371 (KPF) (SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 18, 2017) (citations omitted).

For example, Topic Nos. 1 and 2 generally seek information about YuppTV's "contractual and any other business relationships with [Defendants] relating to the distribution of Zee programing" without specifying what about the relationships in particular Plaintiffs wish to know. Similarly, Topic No. 3, which generally seeks information about "Asia TV's extension of the YuppTV Agreement" is also overbroad. If there is some specific information that Plaintiffs wish

to know with respect to the extension, then they should articulate it.  Topic No. 4 generally seeks information about communications with Defendants regarding the termination of the YuppTV Agreement.  But, as discussed above, YuppTV has already provided an account of the communications with Defendants on this issue by way of the Reddy Declaration.  Therefore, if there were something more that Plaintiffs wish to learn, they should identify it.  Instead, the general nature of the Topics at issue here appear to lack any focus and would require YuppTV to speculate as to what Plaintiffs may actually be interested in learning.  YuppTV would be required to expend unnecessary time and resources in preparation for matters that are of no concern to any of the parties to the litigation.

YuppTV even requested that Plaintiffs, at least, attempt to narrow the scope of the Topics.  Riaz Decl. at ¶7.  Plaintiffs refused.  Such refusal appears to evidence a "fishing expedition."  Perhaps the clearest example of this is Topic No. 13, which seeks testimony about the "information set forth in the [Reddy] Declaration."  If Plaintiffs are unable to hone in on what they actually need to learn, then how can YuppTV?

### iv. Topics Set Forth in the Deposition Subpoena Are Not Relevant

The Deposition Subpoena subjects YuppTV to undue burden because the Topics set forth in the Deposition Subpoena are not relevant.  Although Rule 45 does not expressly identify irrelevance as a reason for quashing a subpoena, courts uniformly find that"[a] subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010); *see also*, *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) ("Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)").  "In response to a motion to quash a subpoena, the party issuing the subpoena must demonstrate that the information sought is relevant and material to the

allegations and claims at issue in the proceedings." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011); *see also*, *Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010).

The underlying basis for Plaintiffs' claim against Defendants is that AsiaTV granted an "extension of [the] YuppTV Agreement for an additional year to May 10, 2020." D.I. 231 at ¶¶4, 7, 42-51, 56-59, 77-89. But this is not a fact in dispute. Indeed, AsiaTV's attempt to terminate the extension to the YuppTV Agreement is what led YuppTV to successfully seek an injunction in 2019.

YuppTV understands that the primary issue in dispute between the parties to the above captioned litigation is whether or not DISH permitted or otherwise knew of AsiaTV's decision to extend the term of the YuppTV Agreement. Yet, the Topics set forth in the Deposition Subpoena do not relate to this disputed issue, and even if they did, there is no reason to believe that YuppTV would have any knowledge of what AsiaTV did or did not know.

Topic Nos. 1-2 are overly broad in that they seek information generally about YuppTV's "contractual and any other business relationships with [Defendants]." As already discussed, there is no dispute regarding the existence of the YuppTV Agreement. That agreement is the only business relationship that is relevant to the dispute. Further, if they even exist, any "subsequent agreements between [YuppTV] and AsiaTV" are not relevant, are not included in the pleadings, and are therefore not the subject of the above captioned litigation. Even with respect to the business relationship relating to the distribution of Zee programming, the Topics do not specify what information Plaintiffs seek. In any event, as discussed above, YuppTV has already disclosed information about its relationship with AsiaTV in the Reddy Declaration. Moreover, to the extent any additional information about any other business relationship is relevant, it may more appropriately be obtained directly from DISH.

Similarly, Topic Nos. 3-4 seek information generally about "AsiaTV's extension of the YuppTV Agreement," and "communications with [Defendants] regarding the termination of the [YuppTV Agreement]." It is not readily apparent why these Topics are relevant. Again, YuppTV understands that the existence of the YuppTV Agreement, the extension of that agreement, and substance or interpretation of the terms set forth therein are not in dispute. And, in any event, as already discussed above, that information and any information regarding communications between YuppTV and Defendants about the extension, is more appropriately obtained directly from Defendants, and may, in fact, already have been obtained from Defendants. Moreover, communications between YuppTV and Defendants have no bearing on AsiaTV's knowledge or consent to the extension of the YuppTV Agreement.

Topic Nos. 9-12 seek information about ATL's and/or AsiaTV's efforts to collect amounts allegedly owed by YuppTV to Defendants or any agreements to forgive such amounts, but that information is also not relevant to the issues in the case. At best, amounts owed may be relevant to issues of damages. However, the effort of Defendants to collect on those amounts has no apparent relevance, and, even if it does, that information may be directly obtained from the party who has actually made those efforts.

## VI.   Conclusion

YuppTV respectfully requests that the court quash the Deposition Subpoena. Plaintiffs have already obtained the information sought pursuant to the Topics accompanying the Deposition Subpoena or are otherwise more readily able to obtain that information directly from Defendants.

| | |
|---|---|
| Dated: December 10, 2021 | */s/ Ahmed M.T. Riaz* <br> Ahmed M.T. Riaz <br> SCHIFF HARDIN LLP <br> 1185 6th Ave, Suite 3000 <br> New York, NY 10036 <br> Tel: (212) 745-5000 <br> Fax: (212) 351-4035 <br> ariaz@schiffhardin.com <br><br> *Attorneys for non-party* <br> *YuppTV USA, Inc.* |