UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C, <br><br> Plaintiffs, <br><br> -against- <br><br> ASIA TV USA LTD., ASIA TODAY LTD. and LIVING COMMUNICATIONS INC., <br><br> Defendants. | INDEX NO. 1:19-cv-00021-VSB-BCM <br><br> **DECLARATION OF UDAYNANDAN REDDY PADI** |

I, Udaynandan Reddy Padi, declare under penalty of perjury, as follows:

1. I am over the age of 18 and I submit this declaration in support of non-Party Yupp TV USA Inc.'s ("YuppTV") Motion for a Protective Order and to Quash Plaintiffs' Subpoena to Testify at A Deposition directed to YuppTV. I have personal knowledge of each fact stated in this declaration.

2. I am the Chief Executive Officer and Founder of YuppTV, which I founded in 2006. I oversee all aspects of YuppTV's business, including strategy and performance, as well as the acquisition and renewal of all programming content.

3. I am also the founder of the Modern Village 2020 in Veenavanka, India, which is a philanthropic enterprise aimed at developing rural areas in India in order to reduce the socio-economic disparity between rural and urban sectors of India through the introduction of technological infrastructure. I am also heavily involved in various other philanthropic enterprises that require my attention and presence in India on and off throughout the year.

1

### A. YuppTV

4.  YuppTV offers over-the-top internet streaming television services ("OTT"). It is one of the world's largest internet-based TV and On-demand service providers of South Asian content, offering over 2500 hours of entertainment content catalogues in its library with more than 250 television channels, 5000 movies and 100 television shows in fourteen languages.

5.  YuppTV is currently one of the largest internet pay TV platform for South Asians living abroad. YuppTV is the most downloaded Indian SmartTV app and it also boasts 13 million mobile downloads.

6.  YuppTV subscribers can stream a wide variety of content including live sports, lifestyle, family and news and information television channels to computers, smart TVs, tablets, smartphones and other broadband-connected devices at home and on the go.

7.  YuppTV offers its North American subscribers television content originating from the South Asian subcontinent in Indo-European languages of the Indo-Aryan subfamily that are spoken in South Asia, including Tamil, Telugu, Punjabi, Urdu, Bengali, Marathi, and Hindi.

### B. Agreement With Asia TV

8.  Among YuppTV's South Asian programming offerings have been certain Indian channels owned by Zee Entertainment Enterprises Limited ("Zee") and distributed outside of India by its affiliates, including Asia Today Ltd and Asia TV USA Ltd. (collectively, "AsiaTV").

9.  Pursuant to a May 2020 distribution agreement (the "Distribution Agreement") AsiaTV had granted a non-exclusive license to distribute many of Zee's channels to YuppTV for distribution in the United States.

10. The Distribution Agreement had an initial term of seven years from the May 2012 effective date. The Distribution Agreement was renewed for a period of one year through May 2020.

### C. YuppTV's Prior Involvement in This Litigation and My Previous Declaration

11. I was unaware of this litigation until September 23, 2019. Even though AsiaTV and DISH had been litigating this case since January 2019, and I had been in regular contact with each of the parties throughout, neither party had informed me (or YuppTV) of the existence of this litigation.

12. In September 2019, I learned of this litigation for the first time from AsiaTV. Thereafter, on October 30, 2019, YuppTV received a "Notice of Termination" from AsiaTV informing me that AsiaTV would terminate the Distribution Agreement.

13. In order to stop AsiaTV from terminating the Distribution Agreement, YuppTV filed a Temporary Restraining Order ("TRO"). YuppTV's involvement in the current litigation is limited to seeking the TRO, which was granted by the court in 2019.

14. I provided a Declaration in Support of YuppTV's Motion For a Temporary Restraining Order (the "Declaration"). I understand that the Declaration is available to the Court and the parties to the litigation as it was officially filed on the docket as Dkt. No. 170-4. That Declaration set forth YuppTV's knowledge regarding its contractual and business relationship with AsiaTV, including the Distribution Agreement. *See, e.g.,* Dkt. No. 170-4 at ¶¶7-12. The Declaration also set forth YuppTV's knowledge regarding AsiaTV's attempt to terminate the Distribution Agreement. *Id.* at ¶¶13-26. The Declaration also set forth information about communications between YuppTV and AsiaTV regarding amounts alleged to be owed by YuppTV to AsiaTV. *Id.* at ¶¶14, 20.

15. After successfully obtaining the TRO, AsiaTV and YuppTV entered into a settlement agreement whereby YuppTV would continue to have a non-exclusive license to distribute the South Asian Programming through November 30, 2019, and would thereafter be terminated. I understand that a stipulation between the Plaintiffs and Defendants in this litigation

was filed with, and ordered by the Court in this litigation, which relates to the settlement agreement. Dkt. Nos. 200 & 201.

16. Since entering into the settlement, the extent of YuppTV's involvement and knowledge of the dispute between AsiaTV and DISH is the entry of a stipulation to dismiss YuppTV from the matter. I understand that the stipulation to dismiss was filed as Dkt. No. 440.

17. On November 30, 2021, YuppTV received a "Subpoena to Testify at a Deposition in a Civil Action" (the "Deposition Subpoena"). A copy of the Deposition Subpoena is attached hereto as Exhibit A.

18. The Deposition Subpoena was accompanied by a list of Topics, about which I understand DISH seeks information. YuppTV's knowledge regarding those Topics was set forth in my original Declaration submitted with the Motion for Temporary Restraining Order in 2019. YuppTV has not learned of any additional substantive information about these issues since the submission of my Declaration in 2019.

**D. Availability for Deposition**

19. I am unavailable to sit for deposition in the month of December 2021. I am also unavailable to sit for deposition for much of January 2022. I am currently not in the United States and do not expect to return before the end of January 2022 at the earliest. While in India I will have only limited time to spend with my own family that lives in India. My time with my family will be especially time consuming during the first portion of my present trip as I will be attending my niece's engagement in Hyderabad, India on December 12, 2021. I will be busy participating in the various ceremonies and activities leading up to and following the engagement ceremony, including on December 13, 2021. This will occupy much of my time during the week of December 13, 2021.

20. Thereafter, and for much of my remaining time in India, I will be tending to commitments related to the several philanthropic ventures that I am involved in. In order to do so, I will be travelling to rural areas where there is limited and/or unreliable technological infrastructure, including with respect to reliable internet connectivity. Together, these factors make it extremely difficult to allot the time or resources necessary for a deposition, which I understand may take several hours to complete.

21. Given my absence during the months of December and January, upon my return I will be required to spend considerable time re-engaging in my day-to-day obligations as the CEO of YuppTV. This is especially important during the first few weeks after my return since I will have been away for such a significant period of time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2021

_____
Udaynandan Reddy Padi

# Exhibit A

**to the Declaration of Udaynandan Reddy Padi**

DISH Network LLC, et al. v. Asia TV USA Ltd., et al., Case No. 1:19-cv-00021

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Southern District of New York

| | |
|---|---|
| DISH NETWORK L.L.C. and SLING TV L.L.C., <br> *Plaintiff* <br> v. <br> ASIA TV USA LTD., ASIA TODAY LTD. and LIVING COMMUNICATIONS INC., <br> *Defendant* | ) ) ) ) ) ) )  Civil Action No.  19-CV-00021-VSB-BCM |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: YuppTV USA Inc.
c/o Shirisha Paripati, 2925 Manor Bridge Drive, Alpharetta, GA 30022

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Appendix

| Place: Offices of Greenberg Traurig <br> 3333 Piedmont Road NE, Suite 2500 <br> Atlanta, GA 30305 | Date and Time: <br> 12/13/2021 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenography and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/22/2021

CLERK OF COURT

OR

_____          /s/ Elyse Echtman
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs DISH Network L.L.C. and Sling TV L.L.C. _____, who issues or requests this subpoena, are:

Elyse Echtman, Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, NY 10019

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX

## DEFINITIONS

1. "Asia TV" means Asia TV USA Ltd., including its officers, directors, employees, partners, corporate parents, subsidiaries and/or affiliates.

2. "ATL" means Asia Today Ltd., including its officers, directors, employees, partners, corporate parents, subsidiaries and/or affiliates.

3. "You" or "Your" means YuppTV USA Inc., including its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, predecessors, successors and/or assigns.

4. "YuppTV Agreement" means the Term Sheet Agreement, as amended, between Asia TV and Global Takeoff, Inc., dated May 11, 2012.

5. "Zee programming" means any and all television programming licensed to You for distribution by Asia TV, ATL, LCI or Zee Entertainment Enterprises Limited.

## TOPICS

1. Your contractual and any other business relationships with Asia TV relating to the distribution of Zee programming, including under the YuppTV Agreement and any subsequent agreements between You and Asia TV.

2. Your contractual and any other business relationships with ATL relating to the distribution of Zee programming, including all contracts between You and ATL.

3. Asia TV's extension of the YuppTV Agreement for an additional year to May 10, 2020, including Your communications with Asia TV and/or ATL regarding the extension.

4. Your communications with Asia TV and/or ATL regarding the termination of Your distribution of the Zee programming licensed to DISH, effective November 30, 2019.

5. All amounts that You owe Asia TV and/or ATL under the YuppTV Agreement for the period June 1, 2019 to November 30, 2019.

6. All amounts that You have paid Asia TV and/or ATL under the YuppTV Agreement for the period June 1, 2019 to November 30, 2019.

7. All amounts that You owe Asia TV and/or ATL under any other agreements relating to the distribution of Zee programming for the period December 1, 2019 to the present.

8. All amounts that You have paid Asia TV and/or ATL under any other agreements relating to the distribution of Zee programming from December 1, 2019 to the present.

9. ATL's and/or Asia TV's efforts to collect amounts owed by You under the YuppTV Agreement for the period June 1, 2019 to November 30, 2019, including Your communications with Asia TV and/or ATL regarding the same.

10. All proposals and/or agreements between You and Asia TV and/or ATL to forgive, settle, waive, compromise, or defer payment of amounts owed by You to Asia TV and/or ATL under the YuppTV Agreement for the period June 1, 2019 to November 30, 2019.

11. ATL's and/or Asia TV's efforts to collect amounts owed by You under any other agreements relating to the distribution of Zee programming for the period December 1, 2019 to the present, including Your communications with Asia TV and/or ATL regarding the same.

12. All proposals and/or agreements between You and Asia TV and/or ATL to forgive, settle, waive, compromise or defer payment of amounts owed by You to Asia TV and/or ATL under any other agreements relating to the distribution of Zee programming for the period December 1, 2019 to the present.

- 3 -

13. The information set forth in the Declaration of Udaynandan Reddy Padi in Support of YuppTV USA Inc.'s Emergency Motion to Intervene and Motion for a Temporary Restraining Order, dated November 1, 2019, Dkt. No. 170-4.



## How to use this check

**Check appears upside down intentionally**

**Need help?** Visit eChecks.com or call 877-333-6964

Cut along this line

### Step 1
**Print the check**
- ✓ Any printer works
- ✓ Black or color ink
- ✓ Basic white paper

### Step 2
**Validate it printed correctly**
- ✓ Correct if bank numbers are:
  Centered in white space
  Parallel to edge of the page
  Clearly printed in dark black ink
- ✗ Reprint if bank numbers are:
  Cut off, skewed, or off-center
  Smudged or wrinkled
  Too light to read

### Step 3
**Deposit like normal**
1. **Cut on the dotted line above**
2. **Endorse the back**
3. **Deposit like normal:**
   In-person at a bank or credit union
   Using an ATM
   Via smartphone mobile deposit
   With an office check scanner

### Does your financial institution have questions about this check?
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

**Questions?** Visit **eChecks.com** or call **877-333-6964**

## For your records

**Issued date:** 11/23/2021
**Check number:** VV571
**From:** Phoenix Legal Group, LLC
**Amount:** $90.00
**Payable to:** YuppTV USA Inc.
**Delivery email:** info@phoenixlegal.net
**Memo:** WITNESS FEE FOR JOB 6384389

Are you a business? To save time, money, and resources, make payments using Deluxe Payment Exchange. Call 877-333-6964 to get started today!

deluxe. PAYMENT EXCHANGE