USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISH NETWORK L.L.C., et al.,

          Plaintiff,

-against-

ASIA TV USA LTD., et al.,

          Defendants.

19-CV-0021 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated December 10, 2021 (Dkt. No. 459), former party Yupp TV USA, Inc. (YuppTV) seeks an order quashing the subpoena *ad testificandum* (Subpoena) served upon it by plaintiffs Dish Network L.L.C. and Sling TV L.L.C. (collectively Dish) pursuant to Fed. R. Civ. P. 45(d) and for a protective order pursuant to Fed. R. Civ. P. 26(c).

## Background

Dish provides pay television services to millions of subscribers in the United States via satellite and OTT (over the top) internet streaming. *See* Second Amend. Compl. (Dkt. No. 231) ¶¶ 2, 8-9. It has for many years offered its subscribers foreign language programming produced and/or distributed by defendant Asia TV USA Ltd. (Asia TV), including "top rated" Indian-language channels on the "Zee network" (produced by Asia TV's affiliate Zee Entertainment Enterprises Limited). *Id*. ¶¶ 10, 16. Pursuant to its contracts with Asia TV and certain affiliates, including defendants Asia Today Ltd. (ATL) and Living Communications Inc., Dish had the exclusive right to distribute Asia TV's content in the United States. *Id*. ¶¶ 1-2, 10-12.

In this action, Dish claims – among other things – that Asia TV breached its contractual obligations in the spring of 2019 by renewing a distribution agreement with YuppTV (the YuppTV Agreement) for another year, thereby permitting YuppTV to carry Asia TV's programming "after the time that the parties had agreed that distribution of that content on YuppTV's OTT platform

must stop." Second Amend. Compl. ¶¶ 4, 42-50. On September 20, 2019, Dish moved for a preliminary injunction to force Asia TV to "cease the wrongful distribution of its channels to YuppTV." *Id*. ¶ 51. In response, Asia TV "took action to terminate" the distribution of its channels through YuppTV in the United States. *Id.*

On November 1, 2019, YuppTV moved to intervene in this action as a party for the purpose of seeking a contrary injunction, "to prevent that termination." Second Amend. Compl. ¶ 51. YuppTV's motion was supported by a declaration (filed under seal) signed by its Chief Executive Officer Udaynandan Reddy Padi (Reddy), and was granted on November 1, 2019. (Dkt. No. 174.) Thereafter, on November 13, 2019, Asia TV and YuppTV stipulated that Asia TV's channels would be removed from YuppTV's platform by the end of that month. (Dkt. No. 186.) On December 6, 2019, defendants Asia TV and ATL confirmed "that as of December 1, 2019, Asia TV's television content has been removed from and is no longer airing" on YuppTV's platform, and on that basis, Dish withdrew its preliminary injunction motion. (Dkt. No. 201.) YuppTV was dismissed as a party on April 30, 2021. (Dkt. No. 394.)

### The Motion to Quash

Dish contacted Yupp's counsel on November 16, 2021, to ask if counsel would accept service of a subpoena for Reddy's testimony. Riaz Decl. (Dkt. 459-3) ¶ 2; Echtman Decl. (Dkt. Nos. 467, 468 ) ¶ 3. On November 22, 2021, counsel responded that he "did not have an answer" as to whether he would be able to accept service. Riaz Decl. ¶ 3; Echtman Decl. ¶ 4. Consequently, Dish retained a process server and served the Subpoena (Echtman Decl. Ex. 3) on Yupp's registered agent on November 30, 2021. *Id*. ¶ 5.

The Subpoena is addressed to YuppTV in Alpharetta, Georgia, seeks testimony only, and set the deposition for December 13, 2021 at a law firm in Atlanta, Georgia. The attached appendix

(App.) specifies 13 topics, including YuppTV's "contractual and any other business relationships" with Asia TV and ATL, *see* App. ¶¶ 1-2; Asia TV's "extension of the YuppTV Agreement for an additional year to May 10, 2020," *see id*. ¶ 3; and YuppTV's communications with Asia TV and ATL concerning the termination of that arrangement as of November 30, 2019. *See id*. ¶ 4. Plaintiffs also seek damages-related information about the payments that YuppTV has made or owes to defendants, as well as efforts to collect those payments, and proposals or agreements to "forgive, settle, waive, compromise or defer" them, with respect to (a) the renewed YuppTV Agreement, from June 1 to November 30, 2019, and (b) "any other agreements relating to the distribution of Zee programming" on and after December 1, 2019. *See id*. ¶¶ 5-12. Finally, plaintiffs seek testimony concerning the information set forth in the November 1, 2019 Reddy declaration. *Id*. ¶ 13.

On December 6, 2021, counsel for the parties met and conferred with respect to the Subpoena but failed to resolve or even narrow their differences. Riaz Decl. ¶¶ 6-7; Echtman Decl. ¶¶ 7-12. YuppTV's motion followed.

YuppTV argues: (1) that the Subpoena was served too late, in that fact discovery was (at that time) scheduled to close on January 22, 2022, and Reddy (who would be YuppTV's designated witness) was out of the country, was not scheduled to return until after fact discovery closed, and on his return would be very busy with family and business matters, *see* YuppTV Mem. (Dkt. No. 459-1) at 4-6; (2) that the information sought from YuppTV was already known to Dish, was more readily available from Asia TV, and/or had already been furnished by Reddy himself via declaration, *see id.* at 6-8; (3) that the deposition topics were overbroad, *see id*. at 8-10; and (4) that the information sought was not relevant to the dispute between plaintiffs and defendants. *See*

3

*id*. at 10-12. The motion is supported by a second declaration from Reddy (Dkt. No. 459-2) describing, among other things, his busy schedule in December 2021 and January 2022.

In response, Dish points out that an order quashing a deposition subpoena altogether is "very unusual" and that the party seeking such an order "bears a heavy burden of demonstrating good cause." Dish Opp. Mem. (Dkt. No. 465) at 9 (quoting *Michelo v. Nat'l Collegiate Student Loan Trust 2007-2*, 2020 WL 4041058 (S.D.N.Y. July 17, 2020)). Dish argues that YuppTV has not met its burden, in that: (1) Dish was and is willing to accommodate Reddy's schedule, including by taking his deposition remotely or seeking a limited extension of the fact discovery close within which to complete the deposition, *see* Dish Opp. Mem. at 10-11; (2) that at least some of the information sought from YuppTV (such as its internal communications regarding its interactions with Asia TV) is not available from Asia TV, and that in any event defendants "have not been reliable sources of information," entitling Dish to "discover what YuppTV knows" about the relevant transactions, *see id*. at 2, 13-15; and (3) that the proposed deposition topics are properly targeted to obtained information relevant to the claims and defenses in this action. *See id*. at 11-12.

In reply, YuppTV argues again that the proposed deposition topics are too broad, and proposes that the Court limit them to four narrower questions. YuppTV Reply Mem. (Dkt. No. 469) at 1-2.[1] It further proposes that if the subpoena is not quashed altogether, the Court direct

---

[1] The four questions proposed by Yupp are: "(1) What amounts are owed and have been paid by YuppTV to Asia TV pursuant to the renewed YuppTV agreements in which Asia TV granted YuppTV the right to broadcast the signal of Zee content for periods of June 1, 2019 to November 30, 2019; (2) What efforts has Asia TV undertaken to collect amounts owed to it by YuppTV for the period of June 1, 2019 to November 30, 2019; (3) Has YuppTV entered into any agreements with Asia TV or ATL relating to settlement, waiver, compromise, or deferral of amounts owed identified in response to question number 1; and (4) What representations did Asia TV make to YuppTV regarding DISH's knowledge of the extension to the YuppTV Agreement?" Yupp Reply Mem. at 2.

Dish to "obtain the answers through written interrogatories." *Id*. at 3-4. YuppTV also points out that Dish was scheduled to depose ATL in January 2022, and argues that at this deposition, plaintiffs will "be able to obtain answers to their questions directly from defendants," *id*. at 3, thus obviating the need for any YuppTV deposition at all.

## Analysis

I note at the outset that YuppTV filed its motion to quash in the wrong court. Motions to quash (or compel compliance with) a subpoena are to be made in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), 45(d)(3)(A)-(B), which in this case is the Northern District of Georgia. However, because the purpose of this requirement is "to protect local nonparties," Fed. R. Civ. P. 45, adv. comm. notes to 2013 amend., I conclude that it can be and has been waived by YuppTV, which selected this forum for its motion to quash.

Turning to the substance of the dispute, I begin with – and reject – YuppTV's contention that the testimony sought is "not relevant." YuppTV Mem. at 10. "Any subpoena that is issued to non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008); *accord Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018). However, relevancy is a "low threshold," *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021), and is easily cleared here. Dish has brought breach of contract and copyright infringement claims against defendants arising directly out of the renewal of the YuppTV Agreement. Asia TV, for its part, claims that Dish "agreed to the extension." Dish Opp. Mem. at 13. Thus, while the *fact* of the renewal is not contested – and likely would not, standing alone, require additional discovery – the interactions and communications between Asia TV and YuppTV *about* that renewal (and about the termination of the arrangement as of November 30,

2019) may shed light on whether Asia TV believed at the time that it had Dish's blessing, or developed that theory later and for litigation purposes. The need for non-party testimony on this issue is heightened by the fact that Asia TV has provided varying and inconsistent accounts of when and how Dish agreed to the renewal. *See* Dish Opp. Mem. at 5-6; Echtman Decl. Exs. 7-9.

Further, Dish would be entitled to seek disgorgement of Asia TV's profits should it prevail on its copyright claims. It is therefore also entitled to discovery concerning payments made (or not made) by YuppTV to Asia TV in connection with the renewal. Once again, the need for non-party testimony is heightened by the fact that Asia TV has provided varying and inconsistent information as to whether YuppTV has paid the license fees that it incurred in connection with the renewed YuppTV Agreement. *See* Dish Opp. Mem. at 6-7; Echtman Decl. Exs. 4-6, 10.

For similar reasons, I reject YuppTV's claim that the Subpoena should be quashed because the information sought is more readily available from other sources, namely, defendants themselves, or "has already been provided" by YuppTV in the form of Reddy's two declarations. *See* YuppTV Mem. at 6-8.[2] Where, as here, a party has reason to suspect that its opponent is not providing wholly reliable information about relevant interactions with a non-party, it may appropriately seek additional evidence from that non-party. And where, as here, the non-party was until recently a party, aligned to some degree with defendants, a plaintiff is not required to accept its evidence in the form of a declaration that was likely drafted by its counsel and is not subject to cross-examination. The written deposition proposal is similarly flawed.

---

[2] In his current declaration, Reddy states, among other things, that YuppTV's knowledge regarding the proposed deposition topics was "set forth in my original Declaration" submitted on November 1, 2019. Second Reddy Decl. ¶ 18. But that original declaration could not possibly have covered, for example, license fees charged to and paid (or not paid) by YuppTV with respect the renewed YuppTV Agreement, which was not terminated until November 30, 2019.

Finally, I reject YuppTV's contention that the Subpoena was served too late. There were two months left in the fact discovery period when Dish first asked YuppTV's counsel to accept service, and seven weeks left when Dish effected service on YuppTV's agent. Dish had no reason to know that Reddy would be out of the country during that period, and responded appropriately, when it learned that information, by offering to take the deposition remotely or otherwise accommodate his schedule. Echtman Decl. ¶ 9. Moreover, given that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(a), it was also appropriate for Dish to obtain as much information as it could through party discovery before determining that certain questions had not been satisfactorily resolved and seeking non-party evidence as to those questions.

The only remaining issue for the Court is whether the topics described by Dish are too broad. I conclude that topics 1 and 2 can and should be excised, particularly since Dish now concedes that "the relationships that [it] seeks to explore" by means of those topics "are those reflected in topics 9-12," which are more specific. Dish Opp. Mem. at 12. The remaining topics, however, are reasonably clear and are not overbroad. To be sure, the reformulated questions supplied by YuppTV in its reply brief are even narrower. However, it is generally the prerogative of the party serving a subpoena to formulate the topics, so long as they seek relevant and proportional information and are not unduly burdensome to the non-party. Since topics 3-12 meet this standard, I will not narrow them further.

## Conclusion

YuppTV's motion (Dkt. No. 459) is GRANTED to the extent that topics 1 and 2 are excised from the Subpoena, and otherwise DENIED. The fact discovery schedule, which was further extended after the instant motion was filed, closed on March 6, 2022. (Dkt. No. 481.) Before that

happened, however, plaintiffs requested – and the Court granted – an additional two week extension "for the limited purpose of taking the deposition of YuppTV in the event that YuppTV's motion to quash and forma protective order is denied." (Dkt. No. 479.) Consequently, plaintiffs may take YuppTV's deposition within two weeks from today's date, either in Atlanta (or such other location as the parties may agree upon) or remotely.

Dated: New York, New York
       March 14, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**