Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com



**Steptoe**

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/13/2022

July 12, 2022

<u>By ECF</u>

Hon. Barbara Moses, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**Re:** *DISH Network L.L.C., et al. v. Asia TV USA Ltd., et al.*, No. 19 Civ. 21 (VSB) (BCM): Letter Motion for Leave to Redact Confidential Information from Stipulation and Proposed Order

Dear Judge Moses:

    On behalf of Plaintiffs DISH Network L.L.C. and Sling TV L.L.C. ("Plaintiffs"), we submit this letter motion for leave to redact certain information from the parties' Stipulation and Proposed Order Regarding Withdrawal of Funds on Deposit with the Court. Enclosed is (i) a copy of the proposed redacted stipulation and proposed order; and (ii) a copy of the unredacted stipulation and proposed order with the proposed redactions highlighted in yellow. These are the same redactions that were applied to, and approved for, the stipulation and order pursuant to which funds were deposited with the court. *See* Doc. 443.

    The information Plaintiffs seek to redact includes highly confidential, commercially sensitive information relating to their television programming license terms, specifically payment terms under their agreements with Defendants, which, if publicly disclosed, would cause Plaintiffs significant competitive harm. *See, e.g.*, *CBS Corp. v. FCC*, 785 F.3d 699, 702 (D.C. Cir. 2015) (carriage agreements should not be publicly disclosed because if AT&T's contracts with Disney were publicly disclosed, it would "be a simple matter for, say, Fox to peruse those documents, figure out what Disney charges for ESPN, and then price its own sports channel accordingly"); *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2-3 (D.N.J. Feb. 13, 2007) (permitting filing under seal where party was contractually obligated to keep information confidential and disclosure would "dampen [plaintiff's] ability to negotiate effectively favorable terms" in the future); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2013 WL

Hon. Barbara Moses, U.S.M.J.
July 12, 2022
Page 2

3958232, at *3-4 (N.D. Cal. July 29, 2013) (granting motion to seal information regarding scope of license because disclosure could "place Rovi in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to Rovi's competitive standing"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting redaction of "highly confidential and sensitive financial and other terms of licenses . . . including the scope of SANYO's and Panasonic's respective rights to use OBC's patents in its various battery products, and the royalty payments SANYO is obligated to make to OBC"); *Wyeth v. Medtronic, Inc.*, 2008 WL 11381926, at *3 (D.N.J. Apr. 28, 2008) (permitting redaction of provisions reflecting "the scope of the parties' rights," "royalty provisions," and "licensing terms"). This information is also identical to information the Court has permitted Plaintiffs to redact in prior filings. *See* Doc. # 443.

In accordance with Rule 3.e of the Court's Individual Practices, we respectfully submit that the requested redactions are narrowly tailored to protect against harmful disclosure of the parties' commercially sensitive, proprietary information. We appreciate the Court's consideration of this redaction request.

Respectfully submitted,

STEPTOE & JOHNSON LLP

*/s/ Elyse D. Echtman*

Elyse D. Echtman

Enclosures

cc:   All counsel of record, via ECF

---

Application GRANTED. The sealing application is granted for substantially the reasons set forth in plaintiffs' letter. SO ORDERED.

[signature: Barbara Moses]

BARBARA MOSES
United States Magistrate Judge
July 13, 2022